POWELL *v.* TUSCUMBIA DRAINAGE DISTRICT.

[67 South. 149.]

DRAINS. *Commissioners. Compensation. Discretion of court.*
  Under Code 1906, section 1716, fixing the compensation of commissioners of drainage districts at "five dollars per day for each day's actual service, and all necessary traveling and other expenses," the chancellor, in auditing the account of such commissioners for compensation, cannot arbitrarily reduce the amounts of accounts rendered by them without a hearing on the merits, where such accounts are not grossly excessive on their face.

APPEAL from the chancery court of Alcorn county.
HON. J. Q. ROBINS, Chancellor.

Proceedings by M. A. Powell and others against the Tuscumbia Drainage District for allowance of compensation and expenses as drainage commissioners. From a decree of the chancellor fixing the compensation and expenses, the commissioners appeal.

The facts are fully stated in the opinion of the court.
*W. C. Sweat,* for appellants.

*T. H. Johnston,* for appellee.

COOK, J., delivered the opinion of the court.

The Tuscumbia Drainage District was organized under chapter 39, Code of 1906, and appellants were duly elected as drainage commissioners for Alcorn county, the county in which is located said drainage district. The commissioners filed in the chancery court an itemized account of the expenses incurred by them in the performance of their duties, together with an itemized statement of each day's actual service rendered by them to the district. This account was presented to the chancellor for allowance, and his refusal to allow same, or, rather his action in cutting down the amount, is the cause of this appeal.

The decree in question, after stating the matter before the court, says:

"The court is of the opinion that the aggregate accounts of Commissioner P. Hanley should be reduced in the sum of two hundred and twenty dollars, and the aggregate of the accounts of Commissioner W. W. Hinton should be reduced in the sum of two hundred and ten dollars, and that the aggregate accounts of Commissioner M. A. Powell should be reduced in the sum of two hundred and ten dollars for time which in the opinion of the court was not necessary."

The record affirmatively shows that there was nothing before the court, except the written reports of the commissioners, and statements of each day's service rendered to the drainage district by each of them and expenses incurred in the performance of their duties. No evidence was heard; the chancellor merely inspected the accounts and shaved same, because, in his opinion, the commissioners consumed too much time in the work assigned to them. This is the record before us. It may

be that the statements of account do not sufficiently itemize the expense accounts, but it will be observed that the court did not base its action upon any failure to properly itemize expenses.

The court refused to allow the *per diem* of the commissioners for the reasons stated. Section 1716, Code of 1906, fixes "five dollars per day for each day's actual service, and all necessary traveling and other expenses," as the amount to be allowed the commissioners. The items are like this: "Eight days' inspection of district, forty dollars and expenses one dollar and twenty-five cents." They vary somewhat in form, but they all state the number of days served.

The precise point here is: Does the law authorize the chancellor to fix and determine the number of days' service for which drainage commissioners are entitled to claim the *per diem* fixed by the statute? Stated differently, may the chancellor take judicial cognizance that the number of days' service is in excess of the necessities of the work?

Within certain limits, the chancellor would, of course, be warranted in disallowing an account for services, and he should require a showing from the commissioners as to the necessity for taking so much time about a work which apparently should have been performed in a much shorter time. We do not wish to be understood as holding that the chancellor must allow a *per diem* account which, upon its face, appears to be grossly excessive. The chancellor, in the auditing and in the allowance of the accounts in question, is not a mere figurehead with no discretion in the premises, but, inasmuch as the accounts disallowed in this instance do not appear to be of that character, we think he was not warranted in reducing same without any investigation of the merits of the claims.

We are unable to find any rule or principle upon which the reduction was made, and it therefore seems

to have been arbitrary in the sense that nothing appears to justify the decree.

The accounts are for days of service and expenses incurred over a period of two years, and range from about six hundred and fifty dollars to six hundred and ninety-five dollars. This may or may not have been excessive, but there is nothing before us, and there was nothing before the chancellor to indicate that the one account should be reduced two hundred and twenty dollars and the others two hundred and ten dollars, and when so reduced, the balance would be the proper allowance. It seems to us that these accounts should be tested upon their merits and not upon the opinion of the court unaided by any of the circumstances and conditions which induced the commissioners to consume the time in performing the duties imposed upon them by the law.

The taxpayers should be protected, but the "laborer is worthy of his hire," and we believe this matter should be sent back for the further investigation of the court, and for the consideration of each item upon its merits.

*Reversed and remanded.*